**FEDERAL HOME LOAN MORTGAGE CORPORATION, Plaintiff,**

v.

**Andrea JIMENEZ SOLER, Defendant.**

**Civ. No. 83–054 GG.**

United States District Court,
D. Puerto Rico.

March 13, 1985.

Fernando J. Fornaris, Santurce, P.R., for plaintiff.

Emiliano Irizarry Castro, P.R.L.S., Inc., Camuy, P.R., for defendant.

### ORDER

GILBERTO GIERBOLINI, District Judge.

Pending before us is a motion filed by defendant Andrea Jiménez Soler requesting that the Special Master who sold the property subject of the present foreclosure proceedings be ordered to deposit the sum of $1,500 in favor of defendant for homestead.

Plaintiff has filed an opposition alleging that defendant waived all homestead and similar rights in favor of H.F., Inc. when she assumed the mortgage executed by the prior owners of the property in question.

As per our Order of January 27, 1984, we ordered that the sum of $1,500 be immediately deposited by the officer who made the sale in the Clerk's Office pending further proceedings to resolve the legitimacy of such claim.

A brief history of the facts is necessary to resolve the present issue. It appears that on February 21, 1980 defendant bought the property subject of the present foreclosure proceedings from Juan A. Rosales Marcel and Natividad Vélez. Said property had a first mortgage in the amount of $23,400 to the order of H.F., Inc. who endorsed it to the plaintiff in this case, Federal Home Loan Mortgage Corp. In clause number nineteen of the mortgage deed evidencing the mortgage assumed by the defendant, the borrower waived all homestead and similar rights in favor of the lender.

The Supreme Court of Puerto Rico has adopted the following definition for the concept of homestead [1] in *Masa v. Registrar of Caguas*, 30 P.R.R. 88, 90 (1922):

> The word 'homestead' has both a popular and a legal signification. In its popular sense it signifies the place of the home—the residence of the family; it represents the dwelling house in which the family resides, with the usual and customary appurtenances, including the outbuildings of every kind necessary or convenient for family use, and lands used for the purposes thereof. While the term is nearly as old as the English language, its use in a legal sense is quite modern, and is peculiarly American. As used in the various statutes, the word 'homestead' may be defined as meaning not only the property—the real estate—occupied as the home, but also the right to have it exempted from levy and forced sale. In this sense, a homestead is the land not exceeding the prescribed amount, upon which is the dwelling house, or residence, or habitation, or abode of the owner thereof and of his family; and includes the dwelling house as an indispensable part. 13 Ruling Case Law 540.

The extent to which the homestead of a householder is protected has been clearly delineated as follows:

> Exemption is only from ordinary debts contracted after the date of its beginning. It protects the homestead property from such debts, but does not relieve the debtor, either directly or by operation of law, from any indebtedness he may have incurred. He continues liable for all his debts; and they may be prosecuted to judgment as though he were not a householder with a family, and although no homestead law had ever been enacted.

> No state attempts, by homestead legislation to exonerate the debtor from the duty of meeting his obligations. Homestead exemption statutes are not bankrupt laws. They offer no discharge. Everywhere the debtor may be sued for his ordinary debts as well as for any others, contracted at any time, and judgment recorded against him will create a general lien bearing all his real estate except his homestead.

> In most of the states, it is simply by excepting the homestead from general judgment liens from ordinary debts contracted after notice, that its protection is effected. The law does not inhibit the rendition of the judgment, but saves the homestead from any property liability resultant. No valid writ can be issued or executed against the favored property. The family cannot be disturbed or deprived of the home. Rufus Waples, *A treatise on Homestead and Exemption*, at p. 8, n. 4.

The right to homestead has been created by the legislature of the Commonwealth of Puerto Rico pursuant to 31 L.P.R.A. §§ 1851–1857. Specifically Section 1851 provides in the pertinent as follows:

> The right of homestead is unrenounceable; and any pact to the contrary is declared null, except that said right of homestead may be renounced in all cases of mortgages secured by or executed on behalf of the Federal Housing Administrator, or in cases of loans to veterans secured ... by the United States Veterans Administration, and in all cases of mortgages ... executed or made in be-

---

1. For a more detailed and thorough discussion of the right to homestead see *Apuntes sobre el Derecho de "Homestead"*, por L. Muñoz Morales, IV Rev.Jur.U.P.R. 78.

half of the Federal Land Bank of Baltimore, the Puerto Rico Production Credit Association, the National Farm Loan Association of San Juan, Puerto Rico, the Small Business Administration ... and of loans and mortgages secured or granted by the Housing Bank of Puerto Rico, and the Farm Credit Corporation and the Farmers Home Administration.

■ In interpreting the above cited section, the Supreme Court of Puerto Rico expressed that the homestead right may not be waived, except in the cases expressly permitted by law, and any agreement to the contrary is void. *Vega Acosta v. Superior Court,* 89 P.R.R. 400 (1963). Moreover, the buyer of a mortgaged property has no better right than his predecessor in title when the right to homestead has been legally renounced. *Carlo v. Junghams,* 47 P.R.R. 409 (1934). A buyer's position cannot be better than the seller's.

■ In the present case, the previous owners of the mortgaged property expressly renounced their rights to homestead in a mortgage deed secured by H.F., Inc., but since H.F., Inc. is not among those agencies expressly listed by law, the waiver was null and void. Consequently, when defendant assumed the mortgage, she received the right to the exemption of $1,500.

WHEREFORE, in view of the foregoing, defendant's motion dated December 18, 1984, is hereby granted. Accordingly, the Special Master appointed in this case is hereby ordered to deposit in the Clerk's Office the sum of $1,500 within the next five (5) days for the benefit of the defendant.

SO ORDERED.